John A. Fialcowitz, ~~Esq. (JF-6915)~~ JUDGE COTE
THE LAW OFFICE OF
JOHN A. FIALCOWITZ, LLC
89 Headquarters Plaza North, Suite 1216
Morristown, New Jersey 07960
(973) 532-7208
john@fialcowitzlaw.com
Attorney for Plaintiff,
WORLD TRADING 23, INC.

**13 CV 2288**

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477

RECEIVED
APR 08 2013
U.S.D.C. S.D. N.Y.
CASHIER

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WORLD TRADING 23, INC., a California corporation, | ) CIV. ACT. NO.: <br> ) <br> ) |
| Plaintiff, | ) <br> ) **VERIFIED COMPLAINT FOR** |
| vs. | ) **COPYRIGHT INFRINGEMENT** <br> ) |
| THE ASHLEY COLLECTION, INC. dba PROTOCOL NY, a New York corporation, and DOES 1-9, inclusive, | ) **[DEMAND FOR JURY TRIAL]** <br> ) <br> ) |
| Defendants. | ) <br> ) |

For its Complaint, Plaintiff World Trading 23, Inc. alleges as follows:

1

## PARTIES

1.      Plaintiff World Trading 23, Inc. ("Plaintiff" or "World Trading") is a California corporation having its principal place of business at 24700 Avenue Rockefeller, Santa Clarita, California 91355.  World Trading displays its products at various trade shows and on the Internet.

2.      Defendant The Ashley Collection, Inc., which does business as Protocol NY (hereafter "Defendant" or "Protocol"), is a New York corporation with business addresses of 250 West 57th Street, Suite 1120, New York, New York 10107 and 350 West 57th Street, Suite 10A, New York, New York 10019.  Protocol is believed to sell some or all of its products in its Internet web site, http://www.protocoldesign.com/.  It is also believed that Protocol sells the accused product in this case through Best Buy within this judicial district, and also ships the accused product in this case to Best Buy within this judicial district.

3.      The true names and capacities, whether individual, corporate, or otherwise of Defendants Does 1-9 inclusive, are unknown to World Trading, who therefore sues them by such fictitious names.  World Trading will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.  World Trading is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that World Trading's damages as herein alleged were proximately caused by those Defendants.  At all times herein mentioned, Defendants Does 1-9 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331 and U.S.C. § 1338(a) as it arises under Acts of Congress related to copyrights.

5.      This Court has personal jurisdiction over Protocol in that Protocol is a New York

corporation with its principal place of business in this judicial district.  It is also believed that

Protocol sells some or all of its products on its Internet site, http://www.protocoldesign.com/.  In

addition, it is also believed that Protocol sells the accused product in this case through Best Buy

at Best Buy stores within (and near) this judicial district, and also ships the accused product in

this case to Best Buy at Best Buy stores within (and near) this judicial district.  See, **Exhibit 1**,

attached hereto.

6.      Venue is proper in this judicial district as Protocol resides in this judicial district

inasmuch as it is subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. §§

1391(b) and 1391(c).

## FACTUAL ALLEGATIONS

7.      World Trading ownership developed a proprietary design for an impact-resistant,

remote-controlled toy helicopter in late 2011.

8.      World Trading began manufacturing the impact-resistant, remote-controlled toy

helicopter it designed and began showing the product to some of its customers thereafter.

9.      The impact-resistant, remote-controlled toy helicopter was shown to a broader,

public audience at the New York Toy Fair in February of 2012.

10.     Since February of 2012, World Trading has sold its impact-resistant, remote-

controlled toy helicopters in various outlets including Best Buy, Amazon.com, Woot.com, as

well as on its own website, www.hobbytron.com.

11.     World Trading has since applied for, and received, a Certificate of Registration from the Register of Copyrights for the design of its impact-resistant, remote-controlled toy helicopter.  See, **Exhibit 2**, attached hereto.

12.     In or about January of 2013, one or more representatives of World Trading observed that Defendant had begun selling an impact-resistant, remote-controlled toy helicopter (referred to as "ToughCopter") that was substantially similar to, if not virtually identical, the design of World Trading's impact-resistant, remote-controlled toy helicopter.  Defendant has also been offering the knockoff product for sale through Best Buy, including at Best Buy stores within (and near) this judicial district, among other places.  Defendant's activities in selling a knockoff product have diverted sales of Plaintiff's legitimate product.

13.     Photographs of a representative example of the knockoff product offered for sale are attached hereto as **Exhibit 3**.

## COUNT I - COPYRIGHT INFRINGEMENT

### 17 U.S.C. §§ 101 ET SEQ.

14.     World Trading hereby repeats and incorporates herein the allegations set forth in paragraphs 1 through 13 above.

15.     This claim is against Defendant for copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

16.     World Trading's copyrighted work attached hereto as **Exhibit 2** (the "Work") contains a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

17.     World Trading submitted the application documents, the requisite fee, and the deposit materials to the United States Register of Copyrights in order to obtain a Certificate of Registration for its Work, a copy of the registration being attached hereto as **Exhibit 2**.  Plaintiff may seek other copyright registrations, as well as patents, and may seek leave to amend this Complaint.

18.     World Trading has at all times complied in all respects with the Copyright Act of 1976 and all other laws of the United States with regard to its Works.

19.     Defendant has had access to Plaintiff's proprietary work by virtue of World Trading's widespread selling of them on its website, as well as through retail outlets such as Best Buy, Woot.com, and Amazon.com.  In addition, World Trading has displayed its proprietary work at trade shows (including in New York) where Protocol was likely in attendance and saw the design of The Work, and the attention it was receiving.  Furthermore, Protocol is believed to have been aware of the success of Plaintiff's authentic impact-resistant, remote-controlled toy helicopter, and thereafter, Protocol, at the behest of its executive(s), including Robert Goldy, made a conscious and knowing decision to seek a knockoff of Plaintiff's Work, in order to financially benefit therefrom, without regard to any rights Plaintiff may have had in the design of The Work.  On information and belief, Defendant may have purchased one or more units of World Trading's impact-resistant, remote-controlled toy helicopter, and had substantially similar copies made using World Trading's design as a template.

20.     Defendant has used, induced others to use, and/or caused others to use, various unauthorized copies of Plaintiff's Work, in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 106.

21.     Defendant's distribution, public display (including on the internet), offering for

5

sale and/or sale of substantially similar, and/or identical copies of The Work constitutes copyright infringement in violation of Plaintiff's exclusive rights under the Copyright Act of 1976, 17 U.S.C. § 101 et seq.

22.    By reason of the foregoing, Defendant's acts of copyright infringement are willful and intentional, and justify the imposition of enhanced damages (actual or statutory), and an award of attorneys' fees.

23.    By reason of Defendant's acts of copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury unless and until this Court (1) enters an order enjoining and restraining Defendant from using the Work in any manner, and (2) orders all the copied Work to be impounded.

24.    Defendant's continuing acts of copyright infringement, unless enjoined, will cause and have caused irreparable damage to Plaintiff in that it will have no adequate remedy at law to compel Defendant to cease such acts. Plaintiff will be compelled to prosecute a multiplicity of actions, one action each time Defendant commits such acts, and in each such action it will be extremely difficult to ascertain the amount of compensation which will afford Plaintiff adequate relief.

25.    By reason of Defendant's acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendant, and/or any lost profits from lost sales and/or price erosion, in connection with Defendant's copying, advertising, distributing, and/or selling of the accused designs which are copies of Plaintiff's Work, as well as any other acts of Defendant that violate 17 U.S.C. § 106.

///

///

6

WHEREFORE, World Trading demands judgment against Defendant, as follows:

A.     For an order preliminarily and permanently enjoining the Defendant The Ashley Collection, Inc. dba Protocol NY, and its officers, directors, agents, servants, attorneys, and employees and all other persons acting in concert with them, from committing any further acts of infringement, including but not limited to, copying, manufacturing, importing, selling and distributing the accused products, or aiding or abetting or assisting others in such infringing activities;

B.     For an order directing Defendant to file with this Court and to serve on the Plaintiff within thirty (30) days after service on Defendant of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant have complied with the injunction and order of the Court;

C.     For an order seizing and impounding all accused products;

D.     For a judgment requiring Defendant to account to Plaintiff for and to pay Plaintiff all profits derived by Defendant, or lost by Plaintiffs based on lost sales and/or price erosion, as a result of Defendant's sales of the Accused Products and/or any other acts prescribed by 17 U.S.C. § 106;

E.     For a judgment awarding to Plaintiff prejudgment and postjudgment interest until the award is fully paid;

F.     For a judgment that Defendant has willfully and deliberately infringed Plaintiff's rights, such that Plaintiff is entitled to enhanced statutory damages pursuant to 17 U.S.C. § 504(c);

G.     For an award of costs, including attorneys' fees, incurred in bringing this action;

7

and,

H.    For such other and further relief as this Court may deem just and equitable under

the circumstances.

Respectfully submitted,

Date: April _5_, 2013

John A. Fialcowitz, Esq. (JF-0752)
THE LAW OFFICE OF
JOHN A. FIALCOWITZ, LLC
89 Headquarters Plaza North, Suite 1216
Morristown, New Jersey 07960
(973) 532-7208
john@ffalcowitzlaw.com
Attorney for Plaintiff,
WORLD TRADING 23, INC.

*Of Counsel*:
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477

8

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by the Complaint.

Respectfully submitted,

Date: April 5, 2013

John A. Fialcowitz, Esq. (JF/0752)
THE LAW OFFICE OF
JOHN A. FIALCOWITZ, LLC
89 Headquarters Plaza North, Suite 1216
Morristown, New Jersey 07960
(973) 532-7208
john@flalcowitzlaw.com
Attorney for Plaintiff,
WORLD TRADING 23, INC.

*Of Counsel:*
Daniel M. Cislo, Esq.
Mark D. Nielsen, Esq.
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
Telephone: (310) 451-0647
Telefax: (310) 394-4477

## VERIFICATION

I have read the foregoing document, **VERIFIED COMPLAINT FOR COPYRIGHT INFRINGEMENT**, and know its contents.

I am the ___President___ (position) of WORLD TRADING 23, INC., the Plaintiff in this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of April, 2013 at Valencia, California.

WORLD TRADING 23, INC.

_____
Signature

___Vicken Kouyoumjian___
Printed Name

___President___
Position